IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUAN CARRERO-VASQUEZ<br>Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. RDB-13-3266 |
| BOBBY B. SHEARIN, WARDEN | * | |
| SARGENT BEEMON | | |
| OFFICER NAVE | * | |
| CO II S. KOCH | | |
| RANDY WATSON | * | |
| P. SMITH, CCMS II | | |
| ROBIN WOOLFORD (DEPUTY<br>DIRECTOR/IGO) | * | |
| CIRCUIT COURT OF ALLEGANY COUNTY<br>MD. | * | |
| Defendants. | * | |

*****

## MEMORANDUM OPINION

On November 1, 2013, Juan Carrero-Vasquez ("Plaintiff"), a detainee housed at the Montgomery County Correctional Facility, filed this Complaint claiming that while housed at the North Branch Correctional Institution in 2012, he filed a number of grievances through the Maryland administrative remedy procedure ("ARP") process regarding the disposition of his property. (ECF No. 1). He asserts that the remedies were dismissed and he was informed that his property was disposed of by property officers. Plaintiff accuses the Defendants of deliberate indifference and abuse of authority in disposing of his property and in dismissing his remedies and complaints at the institutional, the Inmate Grievance Office ("IGO"), and Circuit Court for Allegany County levels (*Id.*). Because he appears indigent, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be granted.

Whether or not Plaintiff's ARPs have been processed or investigated properly or have been wrongfully dismissed, under the law in this circuit, the Constitution creates no entitlement to

grievance procedures or access to such procedures voluntarily established by a state.[1] *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, Plaintiff's issue with the manner in which his grievances were handled and with the decision-making process associated with his ARPs simply does not implicate a constitutional claim.[2] To the extent that Plaintiff claims that his property was destroyed, he has failed to state a constitutional claim. Sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[3] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[4] A separate Order follows dismissing this case.

Date: November 7, 2013

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Plaintiff wishes to raise a challenge to the unauthorized taking or loss of his property, he may file the appropriate post-deprivation remedies by means of Maryland administrative and/or court procedures.

[2] It is arguable that if certain acts or omissions relating to the processing of inmate grievances interfere with an inmate's constitutional right to access the courts, a colorable claim may be stated. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Plaintiff has failed to show that Defendant's alleged mishandling of his ARPs impeded his access to the courts.

[3] Plaintiff may seek relief through the Maryland's Tort Claims Act and the Inmate Grievance Office.

[4] *Juncker* relied on *Parratt* dismissing a plaintiff's due process claims. Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property.

2